2025 IL App (5th) 241265-U

NO. 5-24-1265

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 23-CF-1895 |
| | ) | |
| THOMAS CONNER, | ) | Honorable |
| | ) | Zina R. Cruse, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHOLAR delivered the judgment of the court.
Presiding Justice McHaney and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in detaining defendant where the State met its burden to show that defendant committed a qualifying offense, posed a real and present threat to a person or the community, and no combination of conditions would mitigate that threat.

¶ 2    The defendant, Thomas Conner, appeals the November 22, 2023, order of the circuit court of St. Clair County that granted the State's petition to deny him pretrial release. Defendant filed a motion for relief which was denied November 14, 2024. Defendant filed a timely notice of appeal, and the Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD filed a notice in lieu of a Rule 604(h)(7) memorandum. We acknowledge that the defendant is not required to file a memorandum, and the motion for relief will represent defendant's argument on appeal. Defendant's motion for relief argues that the State did not meet its burden in showing

1

that defendant committed a qualifying offense, that defendant posed a real and present threat to a person or the community, and that no conditions or combination of conditions could mitigate that threat. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      We limit our recitation of the facts to those relevant to our disposition on appeal. We will recite additional facts in the analysis section as needed to address the specific arguments of the parties.

¶ 5      On November 14, 2023, the State charged defendant by information with involuntary sexual servitude of a minor, a Class X felony (count I), involuntary sexual servitude of a minor, a Class 1 felony (count II), two counts of aggravated criminal sexual abuse of a minor, a Class 2 felony (counts III and IV), and solicitation of a sexual act, a Class A misdemeanor (count V). Count I alleged defendant compensated the female victim for sex when she was under the age of 17, while count II alleged defendant again compensated the victim for sex after she turned 17. A warrant for arrest was issued on November 14, 2023. Defendant was arrested on November 21, 2023. Defendant's initial appearance occurred on November 21, 2023, and the same day, the State filed its verified petition for pretrial detention. The circuit court held a hearing on the State's petition for pretrial detention on November 22, 2023. After considering proffers and arguments from counsel, the court entered an order detaining defendant. On December 1, 2023, a grand jury indicted defendant on the above five counts.

¶ 6      At the detention hearing, the State proffered that defendant had sexual intercourse with a 16-year-old female after "she was pimped by her own father." When interviewed by law enforcement, the victim went into detail about defendant's sexual activities with her and told investigators that defendant paid her $75 and recorded the encounter on video. When defendant

2

was interviewed, he admitted to having sex with the victim, but suggested she was actually 17 years of age. At the detention hearing, defendant interrupted the State and asserted the victim was 18 years old. Defendant also denied paying her cash and argued he paid for her to get her hair done. The State acknowledged that other than traffic citations, defendant did not have a significant criminal record. In response, defendant argued there was "no hard evidence" to support the State's charges and that it was "a he-said-she-said case." Defendant argued that he intended to present evidence that indicated that the victim was presenting herself as being of age at the time of the encounter. Lastly, defendant argued that conditions of release would be adequate to mitigate any threat that defendant might pose. On rebuttal, the State asserted that defendant admitted to the alleged offenses and even gave a specific date in his interview with police.

¶ 7    After considering the State's proffer and the arguments of counsel, the circuit court ordered defendant detained. In its oral pronouncement, the court found the defendant was charged with detainable offenses (counts I through IV), and that the State proved by clear and convincing evidence that the proof was evident or presumption great that defendant committed a qualifying offense. As to dangerousness, the court listed the factors from section 110-6.1(g) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(g) (West 2022)) that it considered. Lastly, as to conditions, the court found that less restrictive conditions would not ensure the safety of the community or ensure the defendant's appearance in court.

¶ 8    In its written order, the circuit court found by clear and convincing evidence that the proof was evident or the presumption great that defendant committed a qualifying offense under the Act. The court further found by clear and convincing evidence that defendant posed a real and present threat to the safety of any person or persons in the community based upon the articulable facts of

3

the case, and that no conditions could mitigate the real and present threat to the safety of any person or the community.

¶ 9    On December 19, 2023, defendant's private counsel filed an entry of appearance. On August 14, 2024, counsel filed a motion for leave to withdraw. On August 27, 2024, defense counsel's motion for leave to withdraw was granted and defendant proceeded *pro se*. Thereafter, defendant filed several *pro se* motions and letters to the trial court. On September 23, 2024, defendant filed a document titled "Motion for Relief" which was seemingly brought pursuant to Rule 604(h)(2). A supplement to the motion for relief was filed on October 15, 2024. A second supplement to the motion for relief was filed on October 22, 2024. An "Amended Motion for Relief" was filed also filed on October 22, 2024, which consolidated the earlier filings into a single document.

¶ 10    Relevant to this appeal, defendant argued that the circuit court erred by finding that the State proved by clear and convincing evidence or that the presumption was great that defendant committed a qualifying offense. Further, defendant argued that the State failed to meet its burden of proving, by clear and convincing evidence, that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. Following argument of pending motions on October 28, 2024, the court took defendant's amended motion for relief under advisement. On November 14, 2024, the court entered a written order denying defendant's amended motion for relief. Defendant filed a timely notice of appeal.

¶ 11                                  II. ANALYSIS

¶ 12    On appeal, OSAD was appointed to represent defendant. OSAD did not file a memorandum but filed a notice in lieu of Rule 604(h)(7) memorandum. "Issues raised in the motion for relief are

4

before the appellate court regardless of whether the optional memorandum is filed." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). Therefore, our review is limited to the issues raised by defendant in his motion for relief.

¶ 13    In his motion for relief, defendant argued that the State failed to meet its burden of proof of proving by clear and convincing evidence that the proof was evident or presumption great that the defendant had committed a qualifying offense. Further, defendant's motion for relief argued that the State failed to meet its burden of proof that he poses a real and present threat to the safety of any person or persons or the community. Lastly, defendant argued that the State failed to meet its burden of proof that less restrictive conditions would not avoid the real and present threat to the safety of any person or the community.

¶ 14    Section 110-2(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-2(a) (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act) (see Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023), provides that all criminal defendants are presumed eligible for pretrial release, subject to certain conditions. This presumption is applicable to all detainable offenses, including the ones with which defendant is charged. The State may petition for pretrial detention if (1) a defendant is charged with a detainable offense as enumerated in the Code; (2) the defendant's release would pose "a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," or the defendant "has a high likelihood of willful flight to avoid prosecution"; and (3) "no condition or combination of conditions" can mitigate the threat or likelihood of flight. 725 ILCS 5/110-6.1(a)(8), (e)(1)-(3)

5

(West 2022). The State has the burden to prove by clear and convincing evidence that any condition of pretrial release is necessary. *Id.* § 110-2(b).

¶ 15 Under the recent supreme court decision in *People v. Morgan*, 2025 IL 130626, ¶ 54, when the parties to a pretrial detention hearing proceed solely by proffer, as they did here, "the reviewing court is not bound by the circuit court's factual findings and may therefore conduct its own independent *de novo* review of the proffered evidence and evidence otherwise documentary in nature." Under the *de novo* standard, a reviewing court performs the same analysis that the trial court would perform. *People v. McDonald*, 2016 IL 118882, ¶ 32.

¶ 16 Defendant's motion for relief argued the State "failed to meet its burden of proof of providing by a clear and convincing evidence that [the] proof was evident or presumption great that the defendant ha[d] committed an offense." We have thoroughly reviewed the record on appeal in this matter. The circuit court heard a proffer from the State that included, *inter alia*, that defendant had sexual intercourse with a 16-year-old female after "she was pimped by her own father to this defendant." When interviewed by law enforcement, the victim went into detail about defendant's sexual activities with her and told investigators that defendant paid her $75 and recorded the encounter on video. When defendant was interviewed, he admitted to having sex with the victim, but suggested she was actually 17 years of age. Defendant also denied paying her cash and argued he paid for her to get her hair done. We find defendant was charged with detainable offenses under the Act (counts I through IV) and the evidence proffered at the detention hearing was sufficient to establish that defendant committed the offenses charged. The circuit court did not err in finding the State met its burden of proof that defendant had committed a detainable offense.

¶ 17 Next, defendant's motion for relief argued that the State failed to establish by clear and convincing evidence that he presented a real and present threat to a person or the community.

According to section 110-6.1(g) of the Code, the factors a trial court may consider in determining whether a defendant poses a real and present threat include:

"(1) The nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense.

(2) The history and characteristics of the defendant including:

(A) Any evidence of the defendant's prior criminal history indicative of violent, abusive or assaultive behavior, or lack of such behavior. ***

(B) Any evidence of the defendant's psychological, psychiatric or other similar social history which tends to indicate a violent, abusive, or assaultive nature, or lack of any such history.

(3) The identity of any person or persons to whose safety the defendant is believed to pose a threat, and the nature of the threat.

(4) Any statements made by, or attributed to the defendant, together with the circumstances surrounding them.

(5) The age and physical condition of the defendant.

(6) The age and physical condition of any victim or complaining witness.

(7) Whether the defendant is known to possess or have access to any weapon or weapons.

(8) Whether, at the time of the current offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release or other release ***.

(9) Any other factors *** deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g) (West 2022).

¶ 18    Here, defendant was charged with sex offenses. In his interview, and again at the detention hearing, defendant admitted to the act in question. While in custody, defendant placed a phone call to his wife and said, "I don't care what the fuck ya'll gotta tell the little bitch. Kiss her ass, give some housing, I don't care." Lastly, at the time of the alleged offenses, the victim was a minor.

¶ 19    Based on the foregoing, we find the defendant poses a real and present threat to the victim, and the community as whole. The record before us contains ample evidence supporting the circuit court's decision. The court did not err in finding defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case.

¶ 20    Lastly, defendant's motion for relief argues the circuit court erred in finding that no condition or combination of conditions could mitigate the real and present threat he poses. If the circuit court finds that the State proved a defendant poses a real and present threat to a person's safety or the community, then the court must determine what pretrial conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the defendant's release; and (5) the

8

nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.*

¶ 21     In the case at hand, the circuit court evaluated whether the detention of defendant was necessary to provide for the safety of any person or persons or the community. The court made a written finding that denial of pretrial release was appropriate. Specifically, in its oral pronouncement, the court stated "this finding is purely based on the dangerousness prong under the Safety Act."

¶ 22     The State's proffer established that defendant engaged in sexual activity on multiple occasions with an underage girl in exchange for compensation. Further, defendant attempted to influence the witnesses in the case so that they would change their testimony. Therefore, we agree with the circuit court that there are no conditions or combination of conditions that can mitigate the real and present threat to a person or the community.

¶ 23     Accordingly, the circuit court did not err by finding that the State met its burden in showing that defendant committed a qualifying offense, posed a real and present threat to a person or the community, and no combination of conditions would mitigate that threat.

¶ 24                                III. CONCLUSION

¶ 25     For the reasons stated, we affirm the judgment of the circuit court of St. Clair County.

¶ 26     Affirmed.